# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

SHELLY VIEIRA, *individually and as Parent and Guardian of J.V. a minor,*[1]

                      Plaintiff,

-vs-

HONEOYE CENTRAL SCHOOL DISTRICT, MONROE #1 BOARD OF COOPERATIVE EDUCATIONAL SERVICES (BOCES), and DAVID G. LASPESA, WILLIAM SCHOFIELD, BETSY WALKER, *individually and in their official capacities and other known or unknown employees of the Honeoye Central School District*

                      Defendant.

DECISION & ORDER
09-CV-6163-CJS

---

## APPEARANCES

For Plaintiff:                                Jeffrey Wicks, Esq.
                                                    Jeffrey Wicks, PLLC
                                                    36 West Main Street Suite 318
                                                    Rochester, NY 14614
                                                    (585) 325-6070

For Defendants BOCES & Betsy Walker:      Edward J. Sarzynski, Esq.
                                                    Hogan Sarzynski Lynch Surowka & DeWind LLP
                                                    520 Columbia Drive Suite 204
                                                    Johnson City, NY 13790
                                                    (607) 797-4839

---

[1]Plaintiff has failed to comply with Federal Rule of Civil Procedure 5.2, which states, in pertinent part, "in an electronic or paper filing with the court that contains…the name of an individual known to be a minor…a party or nonparty making the filing may include only:…(3) the minor's initials…." Compliance with this rule is required and all papers not in compliance shall be re-filed by the parties responsible for the original filings.

| For Defendants Honeoye Central School District, William Schofield and David G. Laspesa: | Jeffrey J. Calabrese, Esq.<br>Bethany A. Centrone, Esq.<br>Meghan M. Lynch, Esq.<br>Harter, Secrest & Emery LLP<br>1600 Bausch & Lomb Place<br>Rochester, NY 14604-2711<br>(585) 231-1280 |
|---|---|

**INTRODUCTION**

**Siragusa, J.** This is a lawsuit by the parent of a blind child who alleges her son is not receiving a fair and appropriate public education in the Honeoye school district. The matter is before the Court on the application[2] (Docket No. 23) of defendants Monroe #1 Board of Cooperative Educational Services ("BOCES") and Betsy Walker ("Walker") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and for judgment on the pleadings[3] pursuant to Rule 12(c). (Def.s' Notice of Motion 1.) Though docketed by counsel for Plaintiff as simply a response[4] to the motion to dismiss, Plaintiff's papers also contain a cross-motion for an award of attorney's fees (Docket No. 37) in addition to opposing Defendants' motion to dismiss. For the reasons stated below, Defendants' motion is granted in part, and denied in part, and Plaintiff's cross-motion is denied.

---

[2] The Court has no record of receiving any courtesy copies as required by its administrative guidelines for papers filed under CM/ECF. *See* Who Wants Paper in CM/ECF *available at* http://www.nywd.uscourts.gov/mambo/index.php?option=com_content&task=view&id=16&Itemid=26.

[3] Counsel's memorandum of law characterizes his motion as one to dismiss under both 12(b)(6) and 12(c), despite that 12(c) is entitled "motion for judgment on the pleadings." Fed. R. Civ. P. 12(c).

[4] Plaintiff's papers in opposition contain 14 blank pages. It is not clear whether this was where the memorandum of law in support of Plaintiff's opposition to the motion to dismiss would have gone, or a memorandum of law in support of Plaintiff's motion for an award of attorney fees. Plaintiff's counsel subsequently docketed a separate memorandum (Docket No. 38) opposing Defendants' motion to dismiss.

## BACKGROUND

First, the Court needs to address the presence of a *pro se* litigant on the docket. From a review of Plaintiff's counsel's papers (Docket No. 37), it appears that an action was commenced by Honeoye Central School District against "S.V. as Parent and Next Friend of J.V., a Child With a Disability) on August 5, 2009, in New York State Supreme Court (Index No. 103328). In that regard, SV's counsel filed a Notice of Removal on August 7, 2009, and that case was assigned docket number 09-CV-6407-CJS in the Court. On June 3, 2010, the Honeoye Central School District moved to remand the case to New York State Supreme Court, and S.V. has opposed the motion and moved for an award of attorney's fees. Notwithstanding the removed case, the docket for this lawsuit reveals no basis for the presence of a *pro se* party, S.V., and the Clerk, at the Court's request, has modified the docket to show that S.V. is also represented by the same counsel representing Ms. Vieira.

In addressing a motion to dismiss, the Court assumes the allegations in the complaint are true. The amended complaint filed on August 5, 2009, alleges the following relevant facts pertaining to BOCES and Walker.[5]

Plaintiff's amended complaint contains the following causes of action:

1. Violations of 20 U.S.C. § 1400, The Individuals with Disabilities Education Act ("IDEA");

2. Violations of 29 U.S.C. § 701, Section 504 of the Rehabilitation Act;

3. Violations of 42 U.S.C. § 12101, the Americans with Disabilities Act;

---

[5]The Court is referring to the amended complaint filed on August 5, 2009 (Docket No. 2). Since only BOCES and Walker are before the Court on this motion, the Court will not relate the details of the allegations against the remaining defendants, or the allegations pertaining to causes of action not affected by Defendants' motion, unless necessary for the disposition of the pending motion.

4. Intentional infliction of emotional distress;

5. Negligent infliction of emotional distress;

6. Negligent hiring, training, supervision and retention; and

7. Violation of 42 U.S.C. § 1983 through deprivation of civil rights (4th, 5th & 14th Amendments) alleging Defendants participated in discriminatory behavior, created a hostile environment, harassment and disparate treatment of Jordan Vieira.

## STANDARDS OF LAW

### *Motion to Dismiss Standard*

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007),[6] clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 1964-65 (citations and internal quotations omitted). *See also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (Indicating that *Bell Atl. Corp.*

---

[6]Defendants' memorandum of law in support of their motion to dismiss and Plaintiff's memorandum in opposition both rely on the old standard, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which the Supreme Court set aside three years ago in it's *Twombly* decision. (Def.s' Mem. of Law 6; Pl.'s Mem. of Law 2.)

*v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)). As the Supreme Court clarified in *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009):

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S. Ct. at 1949–50.

*Federal Rule of Civil Procedure 12*

Pertinent portions of Federal Rule of Civil Procedure 12 are relevant to the pending motions and reproduced here:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
>   (1) lack of subject-matter jurisdiction;
>
>   (2) lack of personal jurisdiction;
>
>   (3) improper venue;
>
>   (4) insufficient process;
>
>   (5) insufficient service of process;
>
>   (6) failure to state a claim upon which relief can be granted; and
>
>   (7) failure to join a party under Rule 19.
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.
>
> (c) Motion for Judgment on the Pleadings. After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings....
>
> (h) Waiving and Preserving Certain Defenses.
>
>   (1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5) by:
>
>     (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>
>     (B) failing to either:

>> (i) make it by motion under this rule; or

>> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

> (2) When to Raise Others. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

>> (A) in any pleading allowed or ordered under Rule 7(a);

>> (B) by a motion under Rule 12(c); or

>> (C) at trial.

> (3) Lack of Subject-Matter Jurisdiction. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

Fed. R. Civ. P. 12(b), 12(c) & 12(h) (2009).

### Attorney's Fees — 28 U.S.C. § 1927

The above-referenced statute, under which Plaintiff here is claiming entitlement to attorney's fees, states:

> § 1927. Counsel's liability for excessive costs
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (1980). The Seventh Circuit in *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163 (7th Cir. 1968), granted relief under this section, but cautioned that:

> This is a power which the courts should exercise only in instances of a serious and studied disregard for the orderly processes of justice. In the language of the statute, it is a power which is exercisable only where the effect of the attorney's conduct is such as "unreasonably and vexatiously" increases the costs.

*Id*. at 1167.

## ANALYSIS

Defendants BOCES and Walker (hereinafter simply "Defendants") summarize their argument as follows:

> Even assuming arguendo that the allegations in Plaintiffs' Amended Complaint are true, several causes of action in it should be dismissed because Plaintiffs have failed to file a Notice of Claim and have failed to commence their action within the time periods required by law, and have failed to state a single viable claim upon which relief may be granted in the other causes of action.

(Def.s' Mem. of Law 5.) Plaintiff counters that the motion pursuant to 12(b)(6) "is time-barred" and Defendant's application for judgment pursuant to Rule 12(c) "is inappropriate." (Pl.'s Mem. of Law 2.)

At the outset, the Court notes that Defendants point out that the allegations in the first, second and third causes of action do not apply to them, but only to other defendants in the case. Plaintiff does not dispute Defendants' representations. Therefore, the Court considers that the first, second and third causes of action (alleging violations IDEA, the Rehabilitation Act, and Americans with Disabilities Act) do not pertain to BOCES or Walker.

### *Timeliness of a Fed. R. Civ. P. 12(b)(6) Motion*

Plaintiff asserts that Defendants' motion to dismiss pursuant to Rule 12(b)(6) is untimely. The Court agrees that motions made pursuant to Rule 12(b) are required to be filed "before pleading if a responsive pleading is allowed." Defendants filed answers to the amended complaint on August 25, 2009 (Docket Nos. 3 & 4), on August 26, 2009 (Docket Nos. 7 & 9), on December 23, 2009 (Docket Nos. 16 & 18), and on December 30, 2009 (Docket No. 20). Defendants subsequently filed the motion to dismiss on December 31, 2009. (Docket No. 23.) Accordingly, Plaintiff's 12(b) motion is untimely. However, with regard to Plaintiff's motion for judgment on the pleadings, the Court finds instructive this

language from *Clarke v. Howard*, No. 4:05CV1977, 2006 WL 3700238, 2 (N.D. Ohio Dec. 8, 2006):

> Rule 12(h)(2) of the Federal Rules of Civil Procedure preserves the defense of failure to state a claim through the time of trial on the merits, and further provides that such a defense may be raised by a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For this reason, courts usually recast a post-answer Rule 12(b)(6) motion to dismiss as a Rule 12(c) motion for judgment on the pleadings. *See Delta Truck & Tractor v. Navistar Int'l Trans. Corp.*, 833 F.Supp. 587, 588 (W.D.La.1993); *see also Scheid*,[7] 859 F.2d at 436 ("[A]s a matter of motions practice, such a [ Rule 12(b)(6) ] motion may be properly considered as one for judgment on the pleadings under Fed.R.Civ.P. 12(c), and evaluated, nonetheless, under the standards for dismissal under Rule 12(b)(6).").

The Second Circuit has instructed that, "the same standards that are employed for dismissing a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) are applicable" on a post-answer motion to dismiss made pursuant to Rule 12(c). *Ad-Hoc Committee of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). Accordingly, the Court will examine the sufficiency of the allegations in the complaint in the same fashion it would have had the 12(b)(6) motion been filed prior to the answers. In doing so, the Court rejects Plaintiff's suggestion that it should not do so in consideration of judicial efficiency. (*See* Pl.'s Mem. of Law 2.)

***Statute of Limitations***

New York General Municipal Law provides in relevant part that,

1. No action or special proceeding shall be prosecuted or maintained against a…school district for personal injury…alleged to have been sustained by reason of the negligence or wrongful act of such…school district or of any officer, agent or employee thereof,…unless, (a) a notice of claim shall have been made and served upon the…school district in compliance with section fifty-e of this chapter…and (c) the action or special proceeding shall be

---

[7] *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d (6th Cir. 1998).

> commenced within one year and ninety days after the happening of the event upon which the claim is based….

N.Y. Gen'l Munic. Law § 50-i(1) (2009). Section 50-e requires that the Notice of Claim be filed "within ninety days after the claim arises." Defendants contend that Plaintiff has not complied with this requirement, and thus, her claims under the fourth, fifth, sixth and seventh causes of action must be dismissed. Defendants also point out that New York Education Law has a similar notice of claim provision, and provides for only a one-year limitation period. N.Y. Educ. Law § 3813(2-b) (1996) ("notwithstanding any other provision of law providing a longer period of time in which to commence an action or special proceeding, no action or special proceeding shall be commenced against any entity specified in subdivision one of this section [including school districts and boards of cooperative educational services] more than one year after the cause of action arose…"). However, that one-year period applies "[e]xcept as provided in subdivision two," which directs that "[e]very such action shall be commenced pursuant to the provisions of section fifty-i of the general municipal law," which is the section that sets a one year and ninety day limitations period. *See Carlson v. Geneva City School Dist.*, 679 F. Supp. 2d 355, 370 n.5 (W.D.N.Y. 2010).

The amended complaint, which the Court must take as true for the purposes of a motion under Rule 12(c), states in relevant part,

> 9. A written Notice of Claim, sworn to by Plaintiffs, was duly served upon Defendants, on or about January 24, 2008, within 90 days after Plaintiffs' claims arose, pursuant to General Municipal Law § 50-e.
>
> 10. All Defendants have disclaimed liability and have refused to make any adjustment or payment; at least 90 days have elapsed since the Notice of Claim was presented to said Defendants for adjustment, and Defendants have neglected and refused to make any adjustment or payment.

(Am. Compl. ¶¶ 9–10.)

***Statute of Limitations***

Plaintiff responds to Defendants' statute of limitations argument by contending that the failure to implement the student's individual education plan continues to this day, that "BOCES no longer provides any support to J.V." and, as a result, "both the Notice of Claim and Complaints were timely filed as a result of the continuing violations by all Defendants." (Pl.'s Mem. of Law 6.) Defendants' memorandum of law does not specify how the notice of claim served on January 24, 2008, was untimely. Rather, Defendants' argument consists only of the conclusory statement that, "Plaintiff-Mother's Notice of Claim was served well beyond the time required by the Education Law and General Municipal Law." (Def.s' Mem. of Law 7.)

The original complaint commencing this action was filed on April 10, 2009. By the Court's calculation, one year and ninety days prior to that date is January 10, 2008. Consequently, any tort causes of action arising from events that occurred prior to January 10, 2008, are time-barred.

***Fourth Cause of Action—Intentional Infliction of Emotional Distress***

Defendants argue that the fourth cause of action, alleging intentional infliction of emotional distress, must be dismissed "because the alleged conduct is not extreme nor outrageous, requisite elements of such a claim." (Def.s' Mem. of Law 5.) The law in New York State concerning claims for intentional infliction of emotional distress is well-settled: "[I]n a cause of action for intentional infliction of emotional distress, a plaintiff must plead and prove four elements: (1) extreme and outrageous conduct; (2) the intentional or reckless nature of such conduct; (3) a causal relationship between the conduct and the

resulting injury; and (4) severe emotional distress." *Mitchell v. Giambruno*, 35 A.D.3d 1040, 1041, 826 N.Y.S.2d 788, 789 (3rd Dept. 2006) (citations omitted).

> Courts have relied on the outrageousness element to set reasonable bounds on this potentially limitless tort and have required that the plaintiff allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983).

*Nunez v. A-T Fin. Info.*, 957 F. Supp. 438, 442 (S.D.N.Y. 1997). The amended complaint alleges a smattering of isolated incidents, which the Court finds as a matter of law, are not "beyond all possible bounds of decency," "atrocious," or "utterly intolerable in a civilized community." *Id.* For example, Plaintiff alleges that Walker "commanded [J.V.]: 'Put your trumpet away now!' She then said: 'It's too bad you don't practice reading as much as you practice trumpet; why can't you read like this?!'" (Am. Compl. ¶ 22.) Plaintiff concluded that Walker's admonishment "startled [J.V.], making him visibly upset." (*Id.*) Plaintiff also alleges that Walker "came up behind [J.V.] [when he was at his homeroom], and yelled very loudly: '[J.V.], get your agenda out!'" (*Id.* ¶ 23.) Plaintiff characterized Walker's behavior as an "outburst" and claimed that it caused J.V. to cry, because blind people are substantially reliant on their "auditory environment and thus very sensitive to sound." (*Id.* ¶ 24.) Plaintiff recites an incident in February 2007 where Walker told J.V., "'stop crying, I did not yell at you.'" (*Id.* ¶ 28.)

In addition to Walker's interactions with J.V., Plaintiff also cites to other defendants' acts and alleges that, "the defendants began a campaign of intimidation. The defendants both threatened Ms. Vieira with letters delivered by the Sheriff's Department and eventually

reported Ms. Vieira to CPS for educational neglect." (*Id*. ¶ 139.) These later allegations, however, do not implicate Walker or BOCES.

The allegations of the complaint fail to raise a plausible claim of intentional infliction of emotional distress. Therefore, the Court grants Defendants' motion to dismiss the Fourth cause of action for intentional infliction of emotional distress against Walker and BOCES.

***Fifth Cause of Action—Negligent Infliction of Emotional Distress***

To state a cause of action for negligent infliction of emotional distress, a plaintiff must allege the following elements:

> 1) that defendant was negligent in creating an unreasonable risk of bodily harm to the plaintiff;
>
> 2) that such conduct was a substantial factor in bringing about injuries to the plaintiffs; and
>
> 3) that the injuries are a consequence resulting from plaintiff's contemporaneous observation of serious physical injury or death inflicted by defendant's conduct on a member of plaintiff's immediate family in his or her presence.

*Siben v. American Airlines*, 913 F. Supp. 271, 279 (S.D.N.Y. 1996) (citing *Bovsun v. Sanperi*, 61 N.Y.2d 219, 223–24 (1984)). Case law has shown that the physical injury element is not a requirement in every case. *Kennedy v. McKesson Co.*, 58 N.Y.2d 500, 504 (1983) ("when there is a duty owed by defendant to plaintiff, breach of that duty resulting directly in emotional harm is compensable even though no physical injury occurred."). However, the Northern District of New York has observed that:

> Although physical injury or impact is no longer required to maintain a cause of action for negligent infliction of emotional distress in New York, the plaintiff must nevertheless demonstrate that he was put in fear for his personal safety as a result of a traumatic event. *Burwell v. Dean Witter Reynolds, Inc.*, No. 23753/88 002, 1990 WL 308123 at *3 (New York Supreme Court, New York County, May 24, 1990) (citing *Battalla v. State of New York*, 10 N.Y.2d

> 237, [176 N.E.2d 729, 219 N.Y.S.2d 34 (1961)]; *Impastato v. Hellman Enters., Inc.*, 147 A.D.2d 788, 790, [537 N.Y.S.2d 659, (3d Dep't 1989)]). Moreover, such a cause of action requires that the plaintiff show that the defendant engaged in extreme or outrageous conduct recklessly causing severe emotional distress. *Burwell* at *3 (citing *Fischer v. Maloney*, 43 N.Y.2d 553, 557, [373 N.E.2d 1215, 402 N.Y.S.2d 991, (1978)]; *Van Swol v. Delaware Valley Cent. Sch. Dist.*, 117 A.D.2d 962, [499 N.Y.S.2d 274 (3d Dep't 1986)]).

*Wilson v. Conrail*, 810 F. Supp. 411, 416 (N.D.N.Y 1993). In *Battalla*, the New York Court of Appeals determined that a claim of emotional injuries without a physical cause could go forward in the following situation:

> The appellant avers that in September of 1956, at Bellayre Mountain Ski Center, the infant plaintiff was placed in a chair lift by an employee of the State who failed to secure and properly lock the belt intended to protect the occupant. As a result of this alleged negligent act, the infant plaintiff became frightened and hysterical upon the descent, with consequential injuries.

*Battalla*, 10 N.Y.2d at 239. In *Burwell*, the situation involved a plaintiff who sued for damages,

> after the job offer he had as Senior Vice President of Dean Witter Reynolds, Inc. was withdrawn and he was terminated after one day on the job upon the receipt of an unfavorable report on his polygraphic evaluation examination from Kennedy & Brinker Associates, Inc., which had been engaged by Dean Witter to conduct and report on such examinations of prospective employees. The report indicated he had a problem with drugs.

*Burwell*, 1990 WL 308123, *1. The court determined that the facts alleged did not meet the requirements for negligent infliction of emotional distress.

In the present case, the amended complaint alleges incidents where Walker startled J.V., and the amended complaint also alleges that as a blind person, J.V. was especially sensitive to startling sounds, a fact known to those who work with the blind. The Court determines that the allegations are sufficient to state a plausible claim under this cause of

action. Accordingly, Defendants' motion to dismiss the Fifth Cause of Action alleging negligent infliction of emotional distress is denied.

### *Seventh Cause of Action—42 U.S.C. § 1983*

In the Seventh cause of action, Plaintiff alleges that Defendants,

> acting under color of law,…deprived Shelley and [J.V.] Vieira of their rights, privileges and/or immunities as provided by, among other provisions, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and its laws, by participating in the discriminatory behavior, hostile environment, harassment, and disparate treatment of [J.V.].

(Am. Compl. ¶ 163.) Plaintiffs are suing in this action pursuant to 42 U.S.C. § 1983, and the legal principles applicable to such claims are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right. *See, e.g., Monroe v. Pape*, 365 U.S. 167 (1961). Additionally, "[i]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977).
>
> * * *
>
> An individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority," but can be held liable if he was personally involved in the alleged deprivation. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996). Personal involvement can be shown by: evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference...by failing to act on information indicating that unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

*Back v. Hastings On Hudson Union Free School Dist.*, 365 F.3d 107, 122, 127 (2d Cir. 2004); *Ward v. Rabideau*, No. 04-CV-6488-CJS(F), 2010 U.S. Dist. LEXIS 77535 (W.D.N.Y. 2010).

With regard to BOCES, Plaintiff has not alleged any policy, custom, or practice under which the alleged harm was caused to J.V. As the Third Circuit observed in *Losch v. Borough of Parkesburg, Pennsylvania*, 736 F.2d 903, 910 (3rd Cir. 1984): "A plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between execution of the policy and the injury suffered. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984)." Plaintiff, here, has done neither. The amended complaint is devoid of any allegations that meet the pleading requirements to raise a plausible claim against BOCES.

Turning to the § 1983 claim against Walker, Defendants argue that she is entitled to qualified immunity. They also argue that:

> If it would not have been clear to a reasonable person *what the law required* under the facts alleged, Walker is entitled to qualified immunity. ["]*[T]he preexisting law must give real notice of practical value to government officials, considering the specific circumstances confronting them, and not just talk of some generalized, abstract intellectual concept. Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases.*" Adams v. St. Lucie County Sheriff's Dept., 962 F.2d 1563, 1575 (11th Cir. 1992), *approved en banc* 998 F.2d 923 (11th Cir. 1993). *Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit. Lassiter v. Labama A & M University et al.*, 28 F.3d at 1149.[8]

---

[8]*Lassiter v. Alabama A&M University*, 28 F.3d 1146, 1149 (11th Cir. 1994). In *Hope v. Pelzer*, 536 U.S. 730 (2002), the Supreme Court determined that the Eleventh Circuit's requirement, that a situation be similar to the plaintiff's in *Hope v. Pelzer*, 240 F.3d 975 (11th Cir.
(continued...)

(Def.s' Mem. of Law at 13 (emphasis in original).) The law on qualified immunity is clear. As this Court has previously observed:

> The doctrine of qualified immunity shields state officials from civil liability for actions performed in the course of their duties if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). This doctrine protects officials acting "in ways they reasonably believe to be lawful." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Hence, a defendant is not liable if he did not violate clearly established law or it was objectively reasonable for him to believe that he was not violating clearly established law." *Luna v. Pico*, 356 F.3d at 490.
>
> In determining whether a right has been clearly established, (1) the law must be defined with reasonable clarity, (2) the Supreme Court or the Second Circuit must have recognized the right, and (3) the right must be sufficiently clear so that a reasonable defendant would have understood from the existing law that his conduct was unlawful. *Anderson v. Recore*, 317 F.3d 194, 197 (2d. Cir. 2003). Additionally, "the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he was doing violates the right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Even assuming a state official violates a plaintiff's constitutional right, the official is still afforded protection if he objectively and reasonably believed that he was acting lawfully. *See Hunter v. Bryant*, 502 U.S. 224, 229 (1991) ("The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'").

*Creech v. Schoellkoph*, 688 F. Supp. 2d 205, 215 (W.D.N.Y. 2010). Walker contends that

no clearly established preexisting law would have placed her on notice that,

> allegedly speaking to the student to put his trumpet down in a loud tone or to get his agenda, or calmly speaking to the student that she knew the student spoke to the Principal about her and that upset her, or just being

---

[8](...continued)
2001), in order violate the Eighth Amendment, was "not consistent with our cases." *Hope*, 536 U.S. at 738. In *Hope*, the plaintiff was handcuffed to a hitching post, denied access to water or toilet facilities, and taunted by prison guards while he was suffering from dehydration. *Id*.

>present in school, or having contact with the student would somehow cause her to violate some Constitutional or statutory right of the student or parent.

(Def.s' Mem. of Law at 13.) Plaintiff relies primarily on *K.M. v. Hyde Park Central School District*, 381 F. Supp. 2d 343 (S.D.N.Y. 2005) to argue that BOCES and Walker should be denied qualified immunity. (Pl.'s Mem. of Law at 10.) In *K.M.*, the district court observed that, "[i]n the context of school administrators and teachers, the question would be whether any reasonable teacher or administrator could believe that the alleged conduct would not violate a student's clearly established rights." *Id.* at 362. In *K.M.*, the district court, applying that standard, found "that 'competent' public school teachers and administrators would know they could be held liable for peer disability harassment...." *Id.* at 363. Here, the issue is not as clear. In *K.M.*, the district court determined that the undisputed facts showed that:

> During the 2000-01 school year, D.G. was the subject of two incidents involving physical contact. The first, on November 1, 2000, involved two students jumping on top of D.G. after he tripped and fell.... Both perpetrators were identified and sent to the main office. The second incident occurred on March 30, 2001; D.G. was "assaulted" by two students in the resource room. The two perpetrators were suspended from school for five days.

*K.M.*, 381 F. Supp. 2d at 353 (footnote omitted). *K.M.* does not support Plaintiff's argument that the amended complaint plausibly alleges Defendants violated clearly established constitutional rights. Unlike the situation involving physical injury in *K.M.*, here the allegations that Walker spoke harshly to J.V., demanded that he get out his agenda, and asked him why he did not practice his writing as much as his trumpet, do not plausibly raise constitutional claims of which the reasonable teacher would have been aware. Accordingly, the Seventh cause of action must be dismissed against both BOCES and Walker.

***Plaintiff's Motion for Attorney's Fees — 28 U.S.C. § 1927***

Plaintiff's argument is that by filing six answers, then moving to dismiss, Defendants have "unnecessarily added to the length, extent and costs of this lawsuit." (Pl.'s Mem. of Law at 13.) Further, Plaintiff argues that Defendants' participation in the Rule 16 conference, from which scheduling orders were developed, "wast[ed] all parties' money in beginning the discovery process." (*Id*.) The Court notes that Plaintiff filed her original complaint on April 10, 2009, and an amended complaint on August 5, 2009. Defendants filed answers on August 25, 2009, August 26, 2009.[9] On November 18, 2009, the Honorable Jonathan W. Feldman conducted a status conference, but not a scheduling conference, which was adjourned until December 1, 2009. In the minutes, the Deputy Clerk noted, "[f]urther Status Conference re: possible settlement set for 12/1/2009…." (Docket Minute Entry (Nov. 18, 2009).) On December 1, 2009, Judge Feldman held a further status conference, and set the scheduling conference for January 5, 2010. On December 23 and 30, 2009. Defendants' motion to dismiss was filed on December 31, 2009, prior to the first scheduling conference.

The Court finds that despite whatever confusion was caused by the number of answers filed by Defendants, the docket does not reflect that any scheduling order was issued until after the motion to dismiss had been filed. Thus, any informal discovery that took place prior to December 31, 2009, was likely in aid of possible settlement, which obviously did not occur. The Court finds no basis to determine that Defendants' actions multiplied the proceedings in an unreasonable and vexatious manner, or that there is any

---

[9]One of the answers, filed on August 26, 2009, was in response to the original complaint.

instance of a serious and studied disregard for the orderly processes of justice. Accordingly, the motion for "costs, expenses, and attorneys' [sic] fees" is denied.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (Docket No. 23) is granted in part and denied in part. First, any tort causes of action arising from events that occurred prior to January 10, 2008, are time-barred. Second, Plaintiff's Fourth cause of action, alleging intentional infliction of emotional distress, and Plaintiff's Seventh cause of action, alleging a violation of constitutional rights pursuant to 42 U.S.C. § 1983, are dismissed. Defendants' motion to dismiss Plaintiff's Fifth cause of action, alleging negligent infliction of emotional distress, is denied. Accordingly, Plaintiff's First, Second, Third, Fifth, and Sixth causes of action may go forward. Plaintiff's motion (Docket No. 37) for an award of costs, expenses and attorney's fees is denied.

IT IS SO ORDERED.

Dated: November 16, 2010
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge